October 29, 2026

**BY CM/ECF**

The Honorable Ronnie Abrams
United States District Judge, Southern District of New York
40 Foley Square
New York, New York 10007

*Re:* *Sperr v. Bass, et al.*, No. 26 Civ. 7440 (S.D.N.Y.) (RA)

Dear Judge Abrams:

Pursuant to Your Honor's October 22, 2026 Order (ECF 34), we write on behalf of the parties in the above-referenced action to submit this joint letter and a proposed Civil Case Management Plan and Scheduling Order in advance of the November 5, 2026 conference.

1. **Nature of the action and the principal defenses thereto.**

*A. Plaintiff's Claims*

Plaintiff Oona O. Sperr seeks relief against Defendant Sid R. Bass for repudiating contractual obligations, and against Defendant Althea I. Viafora Bass for intentionally interfering with those obligations and attempting to appropriate Ms. Sperr's property.

In January 2014, Mr. Bass and Ms. Sperr entered into a partnership of defined roles and mutual commitments: in exchange for Ms. Sperr devoting herself full-time to managing their households and staff, overseeing the acquisition, design, renovation, and maintenance of their homes, and accompanying Mr. Bass wherever he traveled, Mr. Bass promised to share with her the ownership of the property they acquired together and to provide financial support sufficient to maintain those properties, the standard of living they established together, and to care for Ms. Sperr's elderly mother.

In reliance on Mr. Bass's promises, Ms. Sperr gave up her independent career and performed the services they had agreed upon for more than a decade. She negotiated the acquisition, and designed and oversaw the renovation of, properties in New York, Texas and Colorado; managed their multiple shared households; and cared for Mr. Bass through serious illness. Mr. Bass, repeatedly identified the property she would receive and reaffirmed his financial commitments to Ms. Sperr, assuring her that she need not obtain life insurance or other financial protections because he had provided for her financial security.

On September 3-4, 2024, at the couple's Colorado home, Mr. Bass told Ms. Sperr to "pack and leave"—and said he would provide her a $50 million payment, their East 71st Street residence, a second home, continued staff support and care for her mother "in exactly the same way." Those terms understated what he had promised over the preceding decade, but they confirmed in his own words that his obligations were present and specific. He then repudiated those terms, sending Ms. Sperr in January 2025 a proposed "Maintenance Agreement" that spread the payment over ten years, denied her title to any home, and dropped her mother's care. When Ms. Sperr memorialized his September 2024 commitments in July 2025, he disputed none of them.

Beginning in late 2022, and over the next 21 months, as Mr. Bass's cognition and judgment declined amid signs of Parkinson's, Ms. Viafora Bass cultivated an intimate and controlling relationship with him, learned the scope and details of his commitments to Ms. Sperr, and induced Mr. Bass's repudiation. By late August 2024, Ms. Viafora Bass had begun instructing Mr. Bass to sever Ms. Sperr from him. In September 2024, Ms. Sperr overheard Mr. Bass responding to specific demands concerning Ms. Sperr's possessions, access to their Colorado home, and communications with him. Ms. Viafora Bass continued to consolidate her influence over Mr. Bass and induced him to further breach his promises to Ms. Sperr. Ms. Viafora Bass has since only tightened her control of Mr. Bass's communications, isolated him from others, caused longtime staff to be fired and replaced by persons loyal to her, and exercised increasing influence over his spending and property, including by demanding that the Manhattan penthouse they had purchased through an LLC be retitled in their joint names just a year later.

Ms. Sperr asserts claims against Mr. Bass for breach of contract, promissory estoppel, and a constructive trust on the four properties under New York law and, to the extent Colorado law governs any part of the agreement, for breach and unjust enrichment under Colorado law (Counts I–IV); and against Ms. Viafora Bass for tortious interference with contract and a constructive trust on property transferred to or acquired for her from Ms. Sperr's assets (Counts V–VI).

The New York Court of Appeals has long recognized that unmarried cohabitants may enter into enforceable express agreements concerning property and support. *See Morone v. Morone*, 50 N.Y.2d 481, 486-88 (1980). That is precisely what Ms. Sperr alleges: an express agreement, made in New York, that Mr. Bass reaffirmed for a decade and Ms. Sperr fully performed.

*B. Defendants' Defenses*

Plaintiff's lawsuit is frivolous. It attempts to plead around New York's abolition nearly a century ago of similar causes of action for common-law marriage, "alienation of affections," and "seduction." *See Matter of Jacob*, 86 N.Y.2d 651, 671 (1995) ("New York State has long refused to recognize common-law marriages."); N.Y. Civil Rights Law § 80-a ("abolish[ing]" these causes of action). Plaintiff already has recognized the weakness of her claims by seeking to amend her Complaint. But amendment will not save Plaintiffs' claims. Plaintiff falsely attacks Mr. and Mrs. Bass's good character, misrepresents Mr. Bass's health, omits Mrs. Bass's decades of independent accomplishments, ignore Defendants' forty-year friendship, and her claims fail as a matter of law.

At the outset, the alleged "oral contract" cannot support Plaintiff's contract claims. "[T]he statute of frauds prohibits the conveyance of real property without a written contract." *Makransky v. Makransky*, 242 A.D.3d 977, 979–80 (2d Dep't 2025). To the extent Plaintiff alleges promises of lifelong support, the statute requires a writing for any agreement "not to be performed … before the end of a lifetime." N.Y. Gen. Oblig. Law § 5-701(a)(1). Oral promises to "always take care of" a former partner are barred by the statute of frauds. *Yedvarb v. Yedvarb*, 237 A.D.2d 433, 434 (2d Dep't 1997). Any oral contract is too indefinite to be enforceable. Plaintiff's demand for "not less than $400 million" is not tied to any alleged term. Compl. ¶ 222. And the promissory estoppel claim against Mr. Bass (Count II) likewise fails because the alleged promises are "too vague or too indefinite" to give rise to an actionable claim, *Exceed Holdings LLC v. Chi. Bd. Options Exch. Inc.*, 2018 WL 4757961, at *3 (S.D.N.Y. Sept. 30, 2018).

The tortious interference claim against Mrs. Bass (Count VI) similarly fails. As a preliminary matter, the Complaint mischaracterizes Mrs. Bass as a late entrant in Mr. Bass's life,

omitting her decades-long independent career and her and Mr. Bass's friendship dating back to the early 1980s. Regardless, there can be no cause of action for tortious interference where there is no valid and enforceable contract. Plaintiff further cannot in good faith allege that Mrs. Bass acted improperly in marrying Mr. Bass.

The constructive trust claims (Counts III and V) also fail under multiple States' laws. The claim against Mr. Bass rests on the same unenforceable indefinite promise. As to Mrs. Bass, Plaintiff alleges no confidential or fiduciary relationship as required by New York law, and, to the extent any claims are brought under Colorado or Texas law, those States do not recognize constructive trust claims. *See Morally v. Marabella Partners, LLC*, 2006 WL 2038388, at *8 (D. Colo. July 19, 2006); *Roach v. Berland*, 2014 WL 6772612, at *2 (N.D. Tex. Dec. 2, 2014).

**2. Jurisdiction and venue.**

This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a citizen of New York, both Defendants are citizens of Texas, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

This Court has personal jurisdiction over Mr. Bass under Fed. R. Civ. P. 4(k)(1)(A) and New York C.P.L.R. §§ 301, 302(a)(1) and 302(a)(4) because, among other things, Plaintiff alleges the agreement at issue was made and repeatedly performed in New York, and Mr. Bass owns real property in this District, including properties at issue in this action. This Court has personal jurisdiction over Ms. Viafora Bass under Fed. R. Civ. P. 4(k)(1)(A) and C.P.L.R. §§ 302(a)(1) and 302(a)(2) because Plaintiff alleges conduct in New York.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred here and a substantial part of the property that is the subject of the action is situated here.

**3. A brief description of all contemplated and/or outstanding motions.**

On October 8, 2026, Defendants each moved to dismiss under Rule 12(b)(6). ECF 24-30. Plaintiff has since notified the Court of her intent to amend under Rule 4(C) of Your Honor's Individual Rules (ECF 31), which will moot the pending motions.

Defendants anticipate renewing their motions to dismiss as to the First Amended Complaint. The parties have agreed to the following schedule for any renewed motions:

| Filing | Proposed Deadline |
|---|---|
| Plaintiff's First Amended Complaint | November 3, 2026 |
| Defendants' Renewed Motions to Dismiss | November 20, 2026 |
| Plaintiff's Opposition | December 11, 2026 |
| Defendants' Replies | December 21, 2026 |

Plaintiff intends to notice Mr. Bass's deposition promptly after the initial conference. Defendants oppose this request, and believe that discovery should be stayed. If Mr. Bass intends to seek a protective order or a stay of discovery, Plaintiff respectfully requests that the Court set

an expedited schedule for that application at the November 5 conference. Defendants do not see the need for expedited procedures in a case that Plaintiff waited approximately two years to file.

Finally, the parties anticipate submitting a proposed stipulated protective order.

**4. Discovery and information needed for settlement.**

No discovery has taken place.

Plaintiff's Position: The most time-sensitive discovery is Mr. Bass's testimony concerning the formation, terms, performance, and repudiation of his agreement with Ms. Sperr. Plaintiff intends to notice his videotaped deposition under Rule 30(b) for a date within 30 days of the initial conference and requests any authorization necessary under Rule 26(d)(1). Preserving that testimony is necessary to avoid its loss while the renewed motions are briefed and decided.

Mr. Bass is 84 years old and has a history of strokes, neurological issues, and increasing cognitive symptoms, including memory loss. Those conditions underscore the risk that delay will impair or eliminate testimony that no document production can replace. Courts permit preservation depositions when a witness's health threatens availability at trial. *See Nanjing CIC Int'l Co., Ltd. v. Schwartz*, 2025 WL 258587, at *2-4 (W.D.N.Y. Jan. 22, 2025). Any burden on Mr. Bass is far outweighed by the risk of losing his testimony. Plaintiff is willing to work with his counsel to minimize any risk of harm or burden to him. Plaintiff also has no wish to make Mr. Bass's neurological condition unnecessarily public. If the Court holds a conference on any motion for a protective order or stay, Plaintiff would not object to holding it privately. Plaintiff simply seeks to prosecute this case without undue prejudice.

Plaintiff also anticipates targeted discovery concerning the parties' agreement and contributions to particular properties, Ms. Viafora Bass's knowledge and alleged role in its breach, and documents identifying transfers to her of property. Plaintiff also believes that Mr. Bass's communications with his staff and advisors concerning his commitments to Ms. Sperr, will be necessary for meaningful settlement negotiations, and intends to serve targeted requests for them promptly, as well as for the testimony of friends and staff. Plaintiff requests the opportunity for full briefing on Defendants' anticipated motion to stay discovery before the Court rules on that request or otherwise enters any order or case management schedule staying discovery.

Defendants' Position: Discovery should be stayed pending resolution of Defendants' forthcoming motions to dismiss. First, and most importantly, this case is likely to be dismissed given the fatal deficiencies discussed above. Defendants' "substantial arguments for dismissal" make staying discovery appropriate. *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay).

Second, the scope of Plaintiff's proposed discovery counsels for a stay. Though Plaintiff describes her proposed discovery as "targeted," Plaintiff seeks to probe Defendants' health and private lives, and to make intrusive demands of third-party friends and household personnel. The federal rules authorize protection from "annoyance, embarrassment, [and] oppression, Fed. R. Civ. P. 26(c)(1), and courts routinely grant stays where discovery would be "significant," "extensive," or involve sensitive personal or financial information. *Spencer*, 206 F.R.D. 367; *Chrysler Cap. Corp. v. Century Power Corp.*, 137 F.R.D. 209 (S.D.N.Y. 1991).

Third, Plaintiff would suffer no unfair prejudice from a short stay. Briefing will be complete before the end of the year. If a few months were of great consequence, Plaintiff would not have waited two years to file her lawsuit in the first place.

Mr. Bass further opposes any effort by Plaintiff to take his deposition within thirty days of the case management conference. The first Mr. Bass heard of this request was yesterday. Were Plaintiff genuinely worried about Mr. Bass's mental capacity and its implications for discovery, she would not have waited so long to file her lawsuit (much less keep Mr. Bass as her power of attorney in the interim, Compl. ¶ 32). Tellingly, Plaintiff also did not avail herself of Rule 27's mechanism for taking a preservation deposition before filing suit. Instead, Plaintiff seeks to invert the typical orderly progression of discovery and rush to take Mr. Bass's deposition before written discovery occurs. She offers only unsubstantiated allegations—and no evidence—in support of her request. Courts typically reject litigants' efforts to expedite depositions where, as here, the bases for those requests are unsupported. *See, e.g., Doe 1 v. Congregation of the Sacred Hearts of Jesus and Mary*, 2022 WL 2901403 at *2 (S.D.N.Y. July 22, 2022).

While the Court should deny the expedited deposition request (and stay discovery), at a minimum any deposition should be decided via normal motion procedures—whether through the Rule 27 processes invoked by Plaintiff or by a motion to quash in response to a deposition notice.

**5. Settlement discussions and prospects.**

<u>Plaintiff's Position</u>: Beginning in August 2025, Plaintiff's counsel spent more than a year attempting to resolve this dispute with counsel for Mr. Bass. Mr. Bass did not engage in those discussions meaningfully or in good faith. On August 21, 2026, for example, Mr. Bass's counsel, who has not appeared in this action, asked to continue the parties' ongoing settlement discussions and proposed an in-person settlement meeting the following week, without disclosing that Mr. Bass had filed a preemptive declaratory judgment action against Ms. Sperr in Texas state court earlier that same day. *B.R.S. v. S.O.O.*, No. 017-38186-26 (Tex. Dist. Ct. Tarrant Cnty. Aug. 21, 2026). Mr. Bass later nonsuited that action. Plaintiff remains open to resolving this matter, including through mediation.

<u>Defendants' Position</u>: Defendants dispute Plaintiff's characterization of the parties' prior settlement discussions and rejects her suggestion that such discussions were not in good faith. To be productive, any discussions related to resolution of this matter should occur after Defendants' forthcoming motions are decided so that the sufficiency of Plaintiff's claims has been assessed.

**6. The estimated length of trial.**

Plaintiff anticipates that trial will last 4-5 days; Defendants anticipate 1-3 days.

**7. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial:** N/A

October 29, 2026

Respectfully submitted,

/s/ *Roberta A. Kaplan*
Roberta A. Kaplan

/s/ *Jamie L. Wine*
Jamie L. Wine

KAPLAN MARTIN LLP

*Counsel for Plaintiff Oona O. Sperr*

LATHAM & WATKINS LLP

*Counsel for Defendant Sid R. Bass*

/s/ *Avi Weitzman*
Avi Weitzman
PAUL HASTINGS LLP

*Counsel for Defendant Althea Irene Viafora Bass*

cc: Counsel of record (via CM/ECF)